**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY LAURO,** | ) | **CASE NO. 5:16CV604** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Objections (ECF DKT #17) to the Report and Recommendation (ECF DKT #16) of Magistrate Judge Jonathan D. Greenberg, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Period of Disability ("POD") and Disability Insurance Benefits ("DIB"), under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), and 423 *et seq*. For the following reasons, the Court ADOPTS Magistrate Judge Greenberg's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claims.

## BACKGROUND

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's

1

Report and Recommendation provides a more complete and detailed discussion of the facts.  For a complete overview of Plaintiff's medical history, see Magistrate Judge Greenberg's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

In August 2012, Plaintiff filed Applications for POD and DIB.  The Applications were denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ").  On October 21, 2014, an ALJ held a hearing, during which Plaintiff, represented by counsel, and an impartial vocational expert ("VE"), testified.  On December 18, 2014, the ALJ issued a written decision finding that Plaintiff was not disabled.  The ALJ' s decision became final on January 17, 2016, when the Appeals Council declined further review.  On March 11, 2016, Plaintiff filed his Complaint to challenge the Commissioner's final decision asserting the following sole assignment of error:  The ALJ erred by relying upon vocational testimony that is subject to multiple interpretations.

## STANDARD OF REVIEW

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action is not de novo.  *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010) report adopted by 2011 WL 233697 (N.D. Ohio 2011).  Specifically, this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards.  *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009).  Substantial evidence has been defined as "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286

(6th Cir. 1994)).

## LAW AND ANALYSIS

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).  *See also Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity" at the time of the disability application.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  Second, the claimant must show that he suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c).  A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities."  *Abbot*, 905 F.2d at 923.  Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience.  *See* 20 C.F.R. §§ 404.1520(d) *and* 416.920(d). Fourth, if the claimant's impairment or combination of impairments does not prevent him from doing his past relevant work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(e)-(f) *and* 416.920(e)-(f).  For the fifth and final step, even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g), 404.1560(c), *and* 416.920(g).

In this case, the Vocational Expert ("VE") testified at the October 21, 2014, hearing before the ALJ.  The ALJ asked the VE to assume a hypothetical individual with Plaintiff's specific restrictions and limitations.  The VE testified the hypothetical individual would not be able to perform Plaintiff's past work, but would be able to perform other representative

3

jobs. The ALJ then posed additional hypothetical situations and asked the VE if there were additional jobs that could be performed by Plaintiff. The VE testified that the hypothetical individual could perform some jobs but not others, and that would depend upon a sit/stand option, as well as other restrictions.

Plaintiff's counsel questioned the VE as to the jobs available for any of the hypothetical individuals. Counsel's questions to the VE focused on the hypothetical individual's ability to be off task for an excess of 15% of the time, have a sit/stand option, need two additional breaks of ten to fifteen minutes in addition to normal breaks and has difficulty bending.

In his Complaint, Plaintiff argues that remand is required because the VE's testimony did not directly respond to the hypothetical posed by the ALJ with regard to the sit/stand option. Plaintiff asserts that he would require a job that provides an at will sit/stand option. The VE responded that there are no jobs available for that option. However, the VE testified that there are jobs available if a person alternates between sitting and standing every fifteen minutes.

The ALJ found that the Plaintiff had the Physical Residual Functional Capacity ("RFC") to perform light work with a sit/stand option that would allow him to alternate between sitting and standing at will, but not be off task more that 10% of the time. The Commissioner argues that Plaintiff's impairments would not require him to switch positions more frequently than every fifteen minutes and Plaintiff has not argued that his impairments would require him to alternate between sitting and standing at intervals of less than fifteen minutes.

Review of the Commissioner's decision must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The findings of the Commissioner are not subject to reversal, however, merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d

4

762, 772-3 (6th Cir. 2001) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

The Magistrate Judge points out that in formulating the hypothetical, the ALJ needs to incorporate only those limitations that he or she accepts as credible. *See Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). *See also Kendrick v. Astrue*, 886 F.Supp.2d 627, 638-639 (S.D. Ohio 2012)*; Dahlen v. Comm'r of Soc. Sec.*, 2014 WL 587139 at * 20 (N.D. Ohio Feb. 14, 2014). Here, the record shows that during the hearing Plaintiff testified that he preferred to stand and when he sits he needs to stand up every fifteen minutes to stretch. Plaintiff stood for the duration of the hearing which lasted over an hour.

The ALJ thoroughly discussed the medical evidence and analyzed Plaintiff's credibility. The ALJ concluded that his impairments could be the cause of his symptoms, but the limiting effects of these symptoms was not credible. The Magistrate Judge reviewed the record and agreed with the ALJ's conclusion that Plaintiff's allegations are only partially credible. Clearly, the ALJ reached a reasonable conclusion that Plaintiff is able to perform a range of light work activity. Further, the Magistrate Judge shows that although the ALJ characterizes the sit/stand option as at will, the ALJ specified that Plaintiff would not need to be off task for more that 10% of the work period. The Magistrate Judge determined that the ALJ understood the 10% off task restriction to mean that Plaintiff would not be alternating positions at a frequency that would be work-preclusive according to the VE's hearing testimony.

5

The Court agrees with the Magistrate Judge's determination that the ALJ's decision was supported by substantial evidence in the record. The ALJ provided good reasons for finding that Plaintiff's allegations are only partially credible, that there would be jobs available to the hypothetical individual and that those jobs would not be available if standing and sitting were alternated for five minutes at a time. The Court agrees that the ALJ applied the correct legal standards in reaching his decision.

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for Period of Disability and Disability Insurance Benefits is supported by substantial evidence. Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #16) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**
**DATE: 2/1/17**

         *s/Christopher A. Boyko*
         **CHRISTOPHER A. BOYKO**
         **United States District Judge**